

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2002

# Barcola v. Interim Health Care

Precedential or Non-Precedential:

Docket 1-1993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Barcola v. Interim Health Care" (2002). *2002 Decisions.* Paper 206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 01-1993 & 01-1994
_____

MARISSA BARCOLA


v.

INTERIM HEALTHCARE SERVICES, INC., INTERIM HOME HEALTHCARE INC.,
INTERIM HEALTHCARE SERVICES OF N.E. PA., INC.,


Appellants/Cross-Appellees
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge:  The Honorable James M. Munley.

(D.C. Civil No. 97-cv-1363)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 1, 2002

Before: ROTH, FUENTES, and KATZ, Circuit Judges

(Opinion Filed: March 26, 2002)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Following a jury verdict determining that, in terminating plaintiff's employment, defendant had not violated the Civil Rights Act but had violated the FMLA, the District Court entered judgment in favor of plaintiff. Thereafter, the parties filed various motions attacking the jury's verdict, requesting an amendment of the judgment, asking for a new trial, and disputing the proper allocation of compensable fees accrued. The parties now appeal the District Court's denial of a motion for judgment as a matter of law, its order amending the judgment, and its denial of counsel fees. We will affirm this opinion in its entirety.

The facts and procedural history of this case are fairly straightforward. The plaintiff/Appellee in this case, Marissa Barcola ("Barcola") originally brought suit against her employer, Interim Health Care Services, Inc. ("Interim"), and the firms found to be its successors, Interim Home HealthCare, Inc. and Interim HealthCare Services of N.E. PA.. In her suit, Barcola alleged violations of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., as amended by the Pregnancy Discrimination and Civil Rights Act of 1991; the Pennsylvania Human Relations Act, 43 P.S. 951, et seq.; and the Family and Medical Leave Act, 29 U.S.C. 2601 et seq. ("FMLA").

In September, 1995, Barcola, who was employed by Interim, learned that she was pregnant, and in January, 1996, she worked out an arrangement with her employers whereby she would take a twelve-week leave after the birth of her child. In March 1996, however, after experiencing complications with her pregnancy, Barcola was ordered to bed rest and took a medical leave at her doctor's urging. Barcola gave birth in May and was planning to return to work in August when, in July 1996, she learned that she would be fired from her job.

Pursuant to the FMLA, an employee is entitled to take a leave of absence of up to twelve weeks during any one year period for a pregnancy, and the employer must then reinstate the employee in the same or a reasonably comparable position. See 29 U.S.C. 2614(a)(1)(A) and (B). When confronted with allegations that it had violated the FMLA, Interim claimed that Barcola was not an employee at the time; that Barcola took more

than the twelve weeks that she was allotted; and that it had offered Barcola a comparable position at the same salary, but she refused it. After a jury trial on December 6 and 9, 1999, the jury returned a verdict saying that Barcola had proven a violation of the FMLA, but that the defendant had prevailed on the other counts. Judgment was ultimately awarded to Barcola in the amount of $75,057. Thereafter, Interim filed a motion for judgment as a matter of law ("JMOL") or a new trial. Barcola, for her part, filed a motion to amend the judgment to include the jury's award of front pay, which the District Court had stricken. Both sides filed motions for attorney's fees.

In a written opinion, the District Court found Interim's JMOL Motion and Motion for a New Trial to be without merit. It also found that it had made a clear error of law when it struck the jury award for front pay, and reinstated front pay damages, while declining to add additional liquidated damages. As for the attorney's fees motions, the District Court found that since Barcola had prevailed on her FMLA claim, but not on her civil rights claims, and since the amounts requested by each respective side were close to identical, no attorney's fees would be awarded, and each side would bear its own fees and costs.

Interim now appeals the District Court's sustaining of the FMLA claim and the reinstatement of front pay as part of Barcola's award. Barcola cross-appeals on the issue of the fees. The District Court had subject matter jurisdiction over this action pursuant to 29 U.S.C. 2601 et seq., and we have appellate jurisdiction pursuant to 28 U.S.C. 1291. We will affirm substantially for the reasons stated in the District Court's well-reasoned opinion.

The District Court did not, as Appellants maintain, commit an error of law when it denied their JMOL Motion and their Motion for a New Trial. The jury found that Barcola's pregnancy and childbirth were not determinative factors in her discharge. This does not lead to the inexorable conclusion that the jury was thus precluded from finding, as it did, that an FMLA violation had nonetheless taken place. We similarly reject Appellants' claim that there was insufficient evidence on the record for the jury to have

found successor liability in the cases of Interim Home HealthCare, Inc. and Interim
HealthCare Services of N.E. PA..

Moreover, the District Court clearly did not abuse its discretion when it
determined that any compensable costs incurred by Interim were properly offset by those
incurred by Barcola. Finally, we agree that the District Court committed no error of law
when it denied Appellants' request for the court to reform one of the jury's verdict
questions.

We will thus AFFIRM the opinion of the District Court.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

                                    /s/ Julio M. Fuentes
                                    Circuit Judge